UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENDRICK SLOAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 1:24-cv-10607-IT |
| | * |
| BUREAU OF PRISONS, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

December 16, 2024

TALWANI, D.J.

Kendrick Sloan, proceeding *pro se*, filed this action for damages against the Bureau of Prisons ("BOP") alleging that BOP was negligent in failing to schedule surgery to treat his ankle pain. Compl. ¶¶ 10–12 [Doc. No 1]. BOP moved to dismiss the action, asserting that under the Federal Tort Claims Act ("FTCA"), the court lacked subject matter jurisdiction because Sloan failed to first present his claim for damages to BOP. Mot. to Dismiss [Doc. No. 13].

The court first ordered Sloan to show cause why he had not responded to BOP's motion, see Order to Show Cause [Doc. No. 15], and then repeatedly directed him to address BOP's argument that he failed to exhaust his administrative remedies before filing this action, see Electronic Order [Doc. No. 18]; Electronic Order [Doc. No. 25]. Sloan filed no direct opposition to the Motion to Dismiss [Doc. No. 13], and instead filed a Motion to Amend Complaint and Response to Order to Show Cause [Doc. No. 22], proposing to add support for his claim of negligence, and a second Motion to Amend Complaint and Response to Order to Show Cause [Doc. No. 28], which proposes to add factual allegations that Sloan had pursued administrative

remedies with BOP before filing suit. Sloan also provided records of requests for surgery that he had filed with BOP.[1] See Second Mot. to Amend Ex. A [Doc. No. 28-1]. Because Sloan's second Motion to Amend [Doc. No. 28] responds to BOP's argument for dismissal, the court treats that motion as his opposition to BOP's Motion to Dismiss [Doc. No. 13].

Under the FTCA, "[a negligence] action . . . shall not be instituted . . . against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a); see also Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 19 (1st Cir. 1993) (explaining FTCA requires plaintiff to file written claim form that includes "the amount of damages sought"). This exhaustion requirement is jurisdictional. Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993). And it is the plaintiff's burden to establish the court's subject matter jurisdiction. Reyes-Colón v. United States, 974 F.3d 56, 60 (1st Cir. 2020).

Here, Sloan has failed to establish that he presented his claim for money damages to BOP before filing this action. Sloan provided documents indicating that BOP denied his administrative appeal seeking ankle surgery, Compl. Ex. A 41 [Doc. No. 1-1], but Sloan has not alleged that he filed a claim for damages with BOP after it refused to provide him that surgery. Because Sloan failed to present a claim for damages to BOP, he failed to exhaust his administrative remedies. See 28 U.S.C. § 2675(a). Consequently, this court lacks subject-matter jurisdiction over his case.

---

[1] Sloan previously filed these records as an attachment to his Complaint [Doc. No. 1]. See Compl. Ex. A [Doc. No. 1-1].

For the foregoing reasons, BOP's Motion to Dismiss [Doc. No. 13] is GRANTED. Sloan's Motions to Amend [Doc. Nos. 22, 28] are DENIED as moot.

IT IS SO ORDERED.

December 16, 2024                    /s/Indira Talwani
                                     United States District Judge